# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **ALEXYS GRACE O'SHEA DUNCAN, Individually and as a Beneficiary of the Will and Trusts of John J. C. O'Shea Jr.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KATHLEEN M. O'SHEA, Individually and as Co-Executor of the Estate of Rita O'Shea, Co-Trustee of the Will and Trusts of John J. C. O'Shea Jr., et. al.**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **2:17-cv-00497-JDL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON THE DEFENDANTS' MOTION TO DISMISS

The Plaintiff, Alexys Grace O'Shea Duncan, commenced this action seeking damages for fraud, conversion, breaches of fiduciary duties, and other claims relating to the administration and management of two testamentary trusts created by her grandfather. The Defendants, Kathleen M. O'Shea, Brian Connor O'Shea and John J.C. O'Shea III, move to dismiss (ECF No. 39) the Third Amended Complaint on multiple grounds. In the alternative, they assert that venue should be transferred to Texas. For the reasons that follow, I grant the motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) and, therefore, do not address the Defendants' alternative argument that venue is improper in this district.

# I. BACKGROUND

The Third Amended Complaint alleges the following facts, which I treat as true for purposes of the motion to dismiss.

John J. C. O'Shea, Jr. ("John Jr.") predeceased his wife Rita O'Shea ("Rita") and his four children: John J.C. O'Shea III ("John III"), Kathleen M. O'Shea ("Kathleen"), Brian Connor O'Shea ("Brian") and Kelley O'Shea ("Kelley"). The Plaintiff, Alexys Grace O'Shea Duncan ("Alexys"), is Kelley's daughter, the Defendants' niece, and John Jr. and Rita's granddaughter. John Jr. passed away in 1996 and his will, which was probated in Lubbock County, Texas, created two testamentary trusts: the O'Shea Family Trust and the O'Shea Marital Trust. Rita was the executor of John Jr.'s estate, the trustee of the two trusts, and the primary beneficiary of the trusts until her death in 2013. Rita also inherited one-half of John Jr.'s property individually as community property under Texas law.

The complaint contains various allegations that Rita mismanaged the administration of John Jr.'s estate and made transfers of trust property that violated some of the provisions of the two trusts. For example, the complaint alleges that Rita violated the terms of the trusts when she sold several pieces of Texas real estate listed in the inventory of John Jr.'s estate and kept the proceeds for herself instead of placing half in the two trusts. The real estate listed in the estate's inventory included eight Texas properties and one property located in Kennebunkport, Maine (the "Maine Property").

Upon Rita's death in 2013, her four children, Kathleen, Brian, John III and Kelley, who is not party to this action, became co-trustees of the two trusts. The

complaint alleges that Kathleen, John and Brian thereafter wrongfully used the funds from the trusts and Rita's estate for personal use and legal fees, while denying Alexys' requests for distributions from the trusts to pay her educational expenses.

In 2014, Kelley brought suit against John III, Kathleen, Brian, and Killybegs, LLC,[1] in Maine in the York County Superior Court asserting claims similar to almost all of those alleged in this action. *See O'Shea v. O'Shea*, No. CV-14-157, 2018 WL 2291084, at *3 (Me. Super. Apr. 4, 2018).[2] A bench trial was conducted in that case in June 2019, after which the court requested that the parties submit post-trial briefs. *See* ECF No. 43 at 1 & n.1. Additionally, prior to the commencement of the suit in Superior Court, the trusts were the subject of litigation in Texas between the parties to this suit, as well as Rita, Kelley, and a Texas law firm. The Texas litigation similarly included claims for fraud and breach of fiduciary duty.

## II. LEGAL ANALYSIS

The Defendants advance several reasons for the complaint's dismissal, including that (1) the complaint fails to join Kelley and Killybegs, LLC as required parties under Federal Rule of Civil Procedure 19, which warrants dismissal under

---

[1] Killybegs, LLC currently owns the Maine Property. ECF No. 39-1 ¶ 7. Although Killybegs, LLC is not mentioned by name in the complaint, the Court is permitted to consider evidence outside the complaint in resolving a Rule 12(b)(7) motion, and Kathleen's affidavit states that Killybegs, LLC has been the sole owner of the Maine Property since 2009. *J & J Sports Prods. Inc. v. Cela*, 139 F. Supp. 3d 495, 499 (D. Mass. 2015); ECF No. 39-1 ¶ 7.

[2] In her Superior Court complaint, Kelley alleged:

> (1) breach of fiduciary duty to the Trusts and [John Jr.]'s estate by Rita (Count I); breach of contract in the purchase of the Kennebunkport home against Brian, Kathleen, and Killybegs (Count II); breach of fiduciary duty against [Kathleen, John III, and Brian] as members of Killybegs (Count III); breach of fiduciary duty against Killybegs itself (Count IV); fraud against the Trusts and [John Jr.]'s Estate by [Kathleen, John III, and Brian] (Count V); conversion against all defendants (Count VI); violation of the Maine Fraudulent Transfer Act against all defendants (Count VII); constructive trust (Count VIII); and punitive damages (Count IX).

*Id.*

Rule 12(b)(7), and (2) the claims that form the basis for the Court's federal question jurisdiction under 28 U.S.C.A. § 1331 (West 2019) are barred under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine prevents "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . [from] inviting district court review and rejection of those judgments."). Because I agree that Kelley and Killybegs, LLC are required parties whose joinder is not feasible, and that federal question jurisdiction is barred under *Rooker-Feldman*, I order the dismissal of the complaint and I do not reach the remaining contentions raised in the motion to dismiss.

## A.      Failure to Join Required Parties Under Rules 19 and 12(b)(7)

The Defendants assert that the complaint must be dismissed under Rule 12(b)(7) for failure to join Kelley and Killybegs, LLC as required parties under Rule 19. As the parties raising the defense of failure to join required parties, the Defendants have the burden of demonstrating that the absentees are necessary to achieve a just adjudication. *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1609 (3d ed. 2019). In considering a motion to dismiss for failure to join a party, a court accepts the allegations in the complaint as true and may consider relevant evidence outside the pleadings. *See J & J Sports Prods.*, 139 F. Supp. 3d at 499.

"Rule 19 lays out a two-step process." *Delgado-Caraballo v. Hosp. Pavía Hato Rey, Inc.*, 889 F.3d 30, 37 (1st Cir. 2018). First, Rule 19(a) requires that an absentee be joined if "a just adjudication" cannot be reached in its absence, and joinder is

"feasible." *Id.* at 36-37. For example, joinder of a party is feasible if it does not defeat the court's subject-matter jurisdiction.[3] *Id.* at 37. Second, if the court determines that the absentee is a required party under Rule 19(a) but that joinder is not feasible, the court must next determine whether "the suit can proceed" among the existing parties and without the absentee. *Id.* This latter inquiry accounts for the policies underlying Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Acton Co. of MA v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982).

I turn first to the question of whether Kelley and Killybegs, LLC are parties who must be joined if feasible under Rule 19(a).

### 1. Required Parties and Feasibility under Rule 19(a)

An absentee is a required party who must be joined if feasible under Rule 19(a) when one of the following three criteria are met: (1) the court cannot afford complete relief among the existing parties without the absentee, or (2) the absentee claims an interest in the subject of the action such that a decision in the person's absence would either threaten the absentee's ability to protect that interest or, alternatively, risk subjecting an existing party to conflicting obligations. Fed. R. Civ. P. 19(a). "Questions under Rule 19(a) are fact-bound and driven by the nature of the issues

---

[3] Additionally, joinder is not feasible if the absentee is beyond the personal jurisdiction of the court, or if the absentee makes a valid objection to venue. *Id.* at 36.

before the court." *Bacardí Int'l Ltd. v. V. Suárez & Co.*, 719 F.3d 1, 9-10 (1st Cir. 2013).

### a. Kelley Ann O'Shea

The Defendants assert that Kelley is a required party under Rule 19 because she is a trustee and a beneficiary of the O'Shea Family Trusts.[4]  They also argue that this litigation implicates Kelley's rights and that failing to join Kelley creates a substantial risk that they will incur "double, multiple, or otherwise inconsistent obligations," because Kelley is the plaintiff in a state case against them which also challenges the administration of the O'Shea trusts.  A party is subject to "inconsistent obligations" when the party "is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998).  A party is subject to "double" or "multiple" obligations, on the other hand, when a party is required to pay "any debt twice over." *Maldonado-Viñas v. Nat'l W. Life Ins. Co.*, 862 F.3d 118, 122 (1st Cir. 2017) (quoting *Harris v. Balk*, 198 U.S. 215, 226 (1905)).[5]

Here, Kelley does not claim an interest in the subject-matter of this suit, but she is the plaintiff in a pending state court suit arising out of the same events at issue

---

[4]  In support of their argument, the Defendants cite to a portion of the Texas Trust Code that provides that trustees are necessary parties to a proceeding concerning a trust, *see* Tex. Prop. Code Ann. § 115.011(b)(4) (West 2019), and cite to a Texas Supreme Court decision stating that all beneficiaries should be joined in an action to enforce the provisions of a trust, *see Mason v. Mason*, 366 S.W.2d 552, 554-55 (Tex. 1963).  But "[t]he Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 n.7 (1996).  For that reason, and because the First Circuit has "reject[ed] any notion that the analysis required by Rule 19(a) may be displaced by a flat rule" that certain parties are required, *Bacardi*, 719 F.3d at 10, the Texas rules cited by the Defendants do not govern here.

[5] For example, in *Maldonado-Viñas*, the First Circuit concluded that an absentee was "a person required to be joined if feasible under Rule 19(a)" because the person's absence created the risk that the defendant life insurance company would have to pay out double on two annuities.  862 F.3d at 122-23.

6

here and asserts nearly identical claims against the same defendants. Thus, Kelley necessarily has an interest in how this suit is resolved. In addition, when Rita was serving as the trustee of both O'Shea trusts, Kelley and Alexys were each eligible to receive distributions from the Family Trust for their support, at Rita's discretion. Upon Rita's death in 2013, Kelley became a co-trustee of the O'Shea trusts, along with her siblings John III, Kathleen, and Brian. As John Jr.'s descendants, Alexys and Kelley remain eligible to receive distributions from the O'Shea trusts during Kelley's lifetime.

Without joining Kelley as a party in this case, the risk of double or multiple obligations for the Defendants is substantial. "[W]here two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages." *Delgado*, 139 F.3d at 3. That is not the case here. Alexys and Kelley bring many of the same causes of action against the same defendants in two different forums. Alexys and Kelley, for example, each allege fraud and breaches of fiduciary duties and seek punitive damages, all arising out of the management of the two trusts by the same individuals. The Defendants, therefore, face a risk of double liability for the same claims which are asserted in both cases, based on the same conduct, with the same measures of damages.

Accordingly, Kelley is a required party under Rule 19(a) because her absence from the suit creates a substantial risk that the Defendants will incur double or multiple obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

### b. Killybegs, LLC

The Defendants contend that Killybegs, LLC is also a required party because its rights and liabilities are implicated by Alexys' allegations. Alexys responds that her complaint does not seek damages from Killybegs, LLC, and instead seeks damages based on activities that occurred prior to the formation of Killybegs, LLC in 2009. However, the issue is not against whom relief is being sought, but rather whether Killybegs, LLC has an interest that would likely be impaired if a judgment were rendered in its absence. I conclude that it does.

Killybegs, LLC's absence implicates two of the Rule 19(a) factors. First, "the court cannot accord complete relief among existing parties" without Killybegs, LLC. Fed. R. Civ. P. 19(a)(1)(A). Killybegs, LLC owns the Maine Property at issue here and is alleged to have received other trust funds that it was not entitled to. Additionally, although Alexys argues that she is not seeking any damages from or interest in property owned by Killybegs, LLC, the Third Amended Complaint requests "a constructive trust for all personal and real property (including any proceeds from life insurance on Mr. O'Shea and Rita's lives) and/or assets transferred without consideration to John, Kathleen, and Brian." ECF No. 38 ¶ 119. Looking at the complaint holistically, a constructive trust for all "real property" would necessarily include the Maine Property currently owned by Killybegs, LLC. Indeed, the Third Amended Complaint states: "The Maine Property and financial transactions by Defendants . . . make up a majority of the claims in this case along with the assets available to pay any judgment." ECF No. 38 ¶ 11.

Second, Killybegs, LLC's interest in the subject of this suit is such that disposing of the suit in its absence may "as a practical matter impair or impede [its] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Multiple allegations in the Third Amended Complaint implicate Killybegs, LLC's legal interests, including that: (1) Rita transferred the Maine Property to Killybegs, LLC, in an attempt to protect her assets from judgments arising out of her conduct as trustee of the two trusts, ECF No. 38 ¶ 55; (2) the Killybegs, LLC Company Agreement violates John Jr.'s will, *id.* ¶ 37; (3) Rita comingled the finances of the Maine Property with her personal finances, *id.* ¶ 50; (4) trust funds were improperly used to pay Killybegs, LLC's debts, *id.* ¶ 49; and (5) Alexys seeks a constructive trust which would encompass the Maine Property owned by Killybegs, LLC, *id.* ¶ 119. Thus, disposing of this case in Killybegs, LLC's absence would impair its ability to protect those interests, which makes Killybegs, LLC a required party under Rule 19(a).

### c. Feasibility of Joinder

Having concluded that Kelley and Killybegs, LLC are required parties, I must next consider whether joining them is feasible. Kelley is a citizen of Florida for purposes of diversity jurisdiction, which makes Killybegs, LLC, a citizen of Florida by virtue of Kelley's membership. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members.") (quotation marks omitted). Thus, joining Kelley or Killybegs, LLC as a party is not feasible because it would deprive the court of its diversity of citizenship subject-matter jurisdiction.

## 2. Whether the Action Should Proceed Without a Required Party Under Rule 19(b)

"[I]f the 'matter in controversy' involves a [required], nondiverse absentee, the court must determine whether the litigation may continue in the absence of this person or whether she is so indispensable that the court should dismiss the case . . . ." *Picciotto*, 512 F.3d at 17. Having determined that both Kelley and Killybegs, LLC are required parties under Fed. R. Civ. P. 19(a) whose joinder is not feasible, I must next determine whether the case may proceed in their absence by applying the four factors in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). These factors are viewed through "the lens of equity and good conscience, ever mindful that the caselaw generally prefers that judges *not* dismiss suits." *Delgado-Caraballo*, 889 F.3d at 37 (internal quotation marks and footnote omitted).

### a. Risk of Prejudice

As discussed above, Kelley's absence would prejudice the Defendants by subjecting them to a substantial risk of double or multiple obligations. I also conclude that a judgment rendered in Killybegs, LLC's absence could prejudice the LLC

because multiple allegations in the complaint implicate its legal interests, including Alexys' assertion that the Maine Property was transferred to Killybegs, LLC for an improper purpose, and that the LLC Company Agreement violates the terms of the two trusts.

### b. Mitigation of Prejudice

Rule 19(b)(2) specifically requires a court to consider whether any potential prejudice could be lessened or avoided by including protective provisions in the judgment, shaping the relief, or any other measures. With respect to both Kelley's and Killybegs, LLC's absence, a "protective approach" is not possible because the potential prejudice to Killybegs, LLC and to the existing Defendants "would result from the potential outcome of the litigation itself, not the specific terms of any judgment." *Picciotto*, 512 F.3d at 18. As discussed previously, the Maine Property is integral to many of the claims in the complaint. *See, e.g.*, ECF No. 38 ¶¶ 11, 50. For example, the complaint alleges that the Company Agreement of Killybegs, LLC violates the terms of the two trusts. Therefore, even if a specific judgment was not rendered against Killybegs, LLC, the outcome of the litigation could result in prejudice to Killybegs, LLC because the court would be required to analyze and construe the LLC's corporate documents. I turn, therefore, to the question of whether it is possible to shape the relief to lessen or avoid prejudice to Killybegs, LLC or to the Defendants.

In addition to the constructive trust which would encompass the Maine Property, the Third Amended Complaint requests almost ten years of rental fees for the Maine Property, of which Killybegs, LLC has been the sole owner since 2009.

Thus, the Third Amended Complaint seeks monetary damages directly from the LLC and a real property interest directly from the LLC in the form of a constructive trust in property that is owned by the LLC, and it is not possible to shape the relief in a way that would not prejudice the LLC. *See U.S. ex. rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 480 (7th Cir. 1996) (finding no way to shape relief to reduce prejudice when "[t]here is no middle ground—either the transactions violate statutory requirements and are void . . . or they comply with the law and are valid.").

### c. Adequacy of Judgment

The third Rule 19(b) factor, whether a judgment rendered without the absentee would be adequate, "extends beyond the issue of whether relief could be shaped that would satisfy the parties. It also encompasses 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" *Picciotto*, 512 F.3d at 18 (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111 (1968)). Resolving this case in the absence of Kelley and Killybegs, LLC, who are already litigating the same legal issues in state court, would not serve those interests. First, as discussed above, doing so would risk creating inconsistent results in two cases involving the same claims based on the same conduct. Second, to the extent any of the transfers made to Killybegs, LLC, were fraudulent or wrongful, complete resolution of the controversy is not possible without joining Killybegs, LLC. Therefore, I conclude that the third Rule 19(b) factor also weighs in favor of dismissal.

### d. Adequacy of Alternate Remedy

Finally, the fourth Rule 19(b) factor requires a court to consider whether the plaintiff would have an adequate remedy if the suit were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(4). The "striking similarity" between Alexys' claims in this case and the claims that Kelley has brought against John III, Kathleen, Brian, and Killybegs, LLC in York County Superior Court "demonstrates the availability of an alternative forum and the efficiency of litigating the entire case in state court." *Picciotto*, 512 F.3d at 19. Therefore, the dismissal of this case does not leave Alexys without a remedy.

### e. Balancing the Rule 19(b) Factors

Weighing all the above considerations carefully, I conclude that this case should not proceed among the existing parties in the absence of Kelley and Killybegs, LLC. Therefore, dismissal of the complaint is warranted under 12(b)(7) for failure to join a required party under Rule 19.

## B. Federal Question Jurisdiction

Alexys asserts federal question jurisdiction under 28 U.S.C.A. § 1331, seeking a declaratory judgment that Texas Trust Code § 115.013 violates Alexys' federal constitutional rights. ECF No. 38 ¶¶ 59-62; Tex. Prop. Code Ann. § 115.013 (West 2019). The complaint alleges that § 115.013 of the Texas Trust Code violates Alexys' "due process and property rights" by prohibiting her from filing a civil lawsuit in Texas because her mother previously brought suit for fraud and breaches of fiduciary duties related to the trusts. ECF No. 38 ¶¶ 61-62. The Defendants argue that I previously dismissed an identical claim under the *Rooker-Feldman* doctrine in my order granting Alexys leave to amend her complaint. *See* ECF No. 39 at 13-14; ECF No. 35 at 15-17. They assert that "[t]he only difference in the Third Amended

Complaint is that Plaintiff includes these claims in the form of a declaratory judgment action." ECF No. 39 at 13.

The *Rooker-Feldman* doctrine provides that "federal district courts lack jurisdiction over federal complaints that essentially invite federal courts of first instance to review and reverse unfavorable state-court judgments." *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005) (internal alterations and quotation marks omitted); *see also Exxon Mobil Corp.*, 544 U.S. at 283. I previously found that Alexys' claim for relief based on her argument that the "laws of the State of Texas as interpreted by the Lubbock District Court, State of Texas[,] violated her rights under the 14th Amendment of the Constitution" was barred under the *Rooker-Feldman* doctrine. ECF No. 35 at 12, 17. The Third Amended Complaint alleges that § 115.013 of the Texas Trust Code—the same statute that was at issue in the Texas state court order referenced in Alexys' original claim—is unconstitutional as applied to her.

The First Circuit has rejected attempts by plaintiffs to "carve a general constitutional challenge out of [a] federal lawsuit in order to escape the jurisdictional bar of *Rooker-Feldman*." *Wilson v. Shumway*, 264 F.3d 120, 125-26 (1st Cir. 2001) (citing *Stern v. Nix*, 840 F.2d 208, 212-13 (3rd Cir. 1988)). The Third Circuit has also rejected these types of claims, and its decision in *Stern* is instructive here. In *Stern*, an attorney who was disbarred by the Pennsylvania Supreme Court challenged the constitutionality of the rules and procedures associated with his disbarment. 840 F.2d at 212. The attorney's complaint sought, in part, a declaratory judgment that the Supreme Court of Pennsylvania could not disbar him without first granting him

an evidentiary hearing. *Id.* Although the complaint stated that the attorney was not seeking "direct review of the action of the Justices of the Supreme Court of Pennsylvania," the court concluded that "despite his attempt to draft his complaint in the form of a general challenge to a state court rule, he in reality is seeking review of a state court judgment in his particular case." *Id.* at 212-13. The Third Circuit, therefore, dismissed the case under *Rooker-Feldman*. *Id.* at 213.

In this case, the Third Amended Complaint challenges the constitutionality of the Texas statute by referencing Kelley's Texas litigation and its implications for Alexys. It is apparent, therefore, that the complaint seeks a determination of the constitutionality of a statute or rule as applied to Alexys, and not on its face or as generally applied. In other words, Alexys has not brought a general constitutional challenge, "but instead seeks only to remedy h[er] current . . . situation." *Wilson*, 264 F.3d at 126. Thus, the declaratory judgment sought by the Third Amended Complaint is barred by the *Rooker-Feldman* doctrine and the complaint fails to raise a federal question sufficient to invoke the Court's federal question jurisdiction under § 1331.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Kathleen M. O'Shea, Brian Connor O'Shea and John J.C. O'Shea III's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 39) is **GRANTED** and the Third Amended Complaint is **DISMISSED**.

**SO ORDERED**

**Dated this 12th of August, 2019.**

**/s/ JON D. LEVY**
**CHIEF U.S. DISTRICT JUDGE**
